AO 257 (Rev. 6/78)

### DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud
18 U.S.C. § 1344(1) – Bank Fraud (5 Counts)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Conspiracy, 18 U.S.C. § 1349: - 30 years imprisonment, $1,000,000 fine, 5 years supervised release, $100 special assessment -
Bank Fraud, 18 U.S.C. § 1344(1): - 30 years imprisonment, $1,000,000 fine, 5 years supervised release, $100 special assessment

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S.**
▶ RICHARD BAREKZIA

**DISTRICT COURT NUMBER**
CR09-01064

FILED OCT 29 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   MAUREEN C. BESSETTE, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal   ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☒ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
3370 Ashbourne Circle
San Ramon, CA 94583

Date/Time: 11/9/09 at 10:00 am   Before Judge: Timothy J. Bommer

Comments:

# United States District Court

**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

FILED
OCT 29 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES OF AMERICA,

V.

RICHARD BAREKZIA,

CR09-01064 PJH

DEFENDANT.

---

INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(1) – Bank Fraud (5 Counts)

---

A true bill.

_____Walt Bosley_____
Foreman

Filed in open court this _____ day of _____

_____
Clerk

Bail. $ _Ashley Summons_
10/29/09

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

FILED
OCT 29 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR09-01064 |
|---|---|---|
| Plaintiff, | ) | VIOLATIONS: 18 U.S.C. § 1349 - Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(1) - Bank Fraud (5 Counts) |
| v. | ) | |
| RICHARD BAREKZIA, | ) | |
| Defendant. | ) | OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

1. At all times material to this indictment and incorporated by reference in all counts:

a. From approximately April 2004 through September 2007, R.J. Equity Solutions Inc., doing business as New Lifestyle Real Estate and New Lifestyle Mortgage ("New Lifestyle"), was a California corporation with a principal place of business in Contra Costa County, in the Northern District of California. New Lifestyle was licensed by the State of California as a broker of real estate transactions and loans.

b. From approximately April 2004 to September 2007, Richard Barekzia was the President, Chief Operating Officer and the owner and operator of New Lifestyle. During this time, BAREKZIA provided his employees with information which they used to write purchase

INDICTMENT

contracts, complete and submit loan applications to lenders, and obtain money for borrowers from private lenders and banks.

    c. Provident Savings Bank FSB and American Mortgage Network, Inc., a subsidiary of Wachovia Bank N.A., were financial institutions insured by the Federal Deposit Insurance Corporation during all times material to this Indictment.

## CONSPIRACY

**COUNT ONE:** (18 U.S.C. § 1349- Conspiracy to Commit Bank Fraud)

    2. Beginning in or about 2006, and continuing until in or about early 2007, both dates being approximate and inclusive, in the Northern District of California, the defendant,

RICHARD BAREKZIA,

together with others known and unknown to the Grand Jury, did knowingly conspire to execute a material scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain money and other property owned by and under the control of the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1349.

### METHOD AND MEANS OF THE CONSPIRACY

    3. The defendant and others achieved and attempted to achieve, the objectives of the conspiracy using the following methods and means, among others:

    a. It was part of a scheme to defraud that the defendant and others originated residential mortgage loans.

    b. It was further part of the scheme to defraud that the defendant and others falsely inflated loan applicants' monthly incomes on the loan applications.

    c. It was further part of the scheme to defraud that the defendant and others submitted and caused to be submitted the loan application packages containing falsely inflated monthly incomes of loan applicants to financial lenders.

    d. It was further part of the scheme to defraud that the defendant and others deliberately excluded recent property acquisitions and associated mortgage debts of the loan applicants on the

INDICTMENT

loan applications.

e. It was further part of the scheme to defraud that the defendant and others submitted and caused to be submitted to financial lenders the loan application packages which excluded the loan applicants' recent property acquisitions and associated mortgage debts.

f. It was further part of the scheme to defraud that the defendant and others used the name of "investors" on the loan applications because these individuals had good credit to purchase residential properties and falsely told the lending bank that these "investors" intended to occupy the property as a primary residence.

g. It was further part of the scheme to defraud that the defendant and others submitted and caused to be submitted to financial lenders loan application packages with the applicant's false intent to occupy the property as a primary residence.

h. It was further part of the scheme to defraud that the defendant and others directed New Lifestyle's receptionist to prepare letters which falsely stated that the receptionist had prepared the loan applicants' tax returns ("CPA letters").

i. It was further part of the scheme to defraud that the defendant and others submitted and caused to be submitted to financial lenders these "CPA letters" with the loan application packages.

j. It was further part of the scheme to defraud that the defendant and others submitted and caused to be submitted to financial lenders false Request for Verification of Deposits with the loan application packages.

k. It was further part of the scheme to defraud that the defendant and others utilized an individual's broker license to conduct New Lifestyle's real estate business, even though this individual was not involved in New Lifestyle's business.

l. It was further part of the scheme to defraud that the defendant and others submitted and caused to be submitted to financial lenders loan application packages with purchase agreements which included credits from the seller to the buyer for remodeling work. After the lenders rejected these credits, the defendants and others created side agreements which included these credits without disclosing these side agreements to the lenders.

INDICTMENT

## Overt Acts

4. In furtherance of the conspiracy, and to obtain the objects thereof, the defendant and others committed, among others, the following overt acts in the Northern District of California and elsewhere:

   a. Between 2006 and early 2007, the defendant and others originated residential mortgage loans.

   b. Between 2006 and early 2007, the defendant and others falsely inflated and caused to be inflated investors' incomes on loan applications.

   c. Between June 2006 and early 2007, the defendant and others regularly submitted and caused to be submitted investors' loan application packages to financial lenders knowing that the application packages contained false incomes.

   d. Between June 2006 and early 2007, the defendant and others deliberately excluded investors' recent property acquisitions and associated mortgage debts on loan applications.

   e. Between June 2006 and early 2007, the defendant and others submitted and caused to be submitted to financial lenders the loan application packages which excluded the loan applicants' recent property acquisitions and associated mortgage debts.

   f. Between June 2006 and early 2007, the defendant and others regularly used the name of "investors" on the loan applications because these individuals had good credit to purchase residential properties and falsely told the lending bank that these "investors" intended to occupy the property as a primary residence.

   g. Between June 2006 and early 2007, the defendant and others regularly submitted and caused to be submitted to financial lenders loan application packages with the applicant's false intent to occupy the property as a primary residence.

   h. Between June 2006 and early 2007, the defendant and others regularly directed New Lifestyle's receptionist to prepare CPA letters which falsely stated that the receptionist had prepared the tax returns of the loan applicants.

   i. Between June 2006 and early 2007, the defendant and others regularly submitted and caused to be submitted to financial lenders with the loan application packages the "CPA letters".

INDICTMENT

j. Between June 2006 and early 2007, the defendant and others submitted and caused to be submitted to financial lenders with the loan application packages false Request for Verification of Deposits.

k. Between June 2006 and early 2007, the defendant and others utilized an individual's broker license to conduct New Lifestyle's real estate business, even though this individual was not involved in New Lifestyle's business.

l. Between 2006 and early 2007, the defendant and others submitted and caused to be submitted to financial lenders loan application packages with purchase agreements which included credits from the seller to the buyer for remodeling work. After the lenders rejected these credits, the defendants and others created side agreements which included these credits without disclosing these side agreements to the lenders.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS TWO THROUGH SIX:** (18 U.S.C. §1344(1) - Bank Fraud)

5. The allegations set forth in paragraphs 1 through 4 are hereby incorporated by reference as though set forth herein.

6. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

RICHARD BAREKZIA,

did knowingly execute and attempt to execute, a material scheme and artifice to defraud financial institutions, that is, American Mortgage Network Inc., a subsidiary of Wachovia Bank N.A. and Provident Savings Bank FSB, and to obtain money and other property owned by and under the custody and control of these financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, each in violation of Title 18, United States Code,

///
///
///
///
///

INDICTMENT

Section 1344(1):

| Count | Date Funded | Loan Amount | Financial Institution | Property Address |
|-------|-------------|-------------|-----------------------|------------------|
| 2 | 09/01/2006 | $704,000 | American Mortgage Network, Inc. (Wachovia Bank) | 2918 Simba Place Brentwood, CA 94513 |
| 3 | 09/01/2006 | $176,000 | American Mortgage Network, Inc. (Wachovia Bank) | 2918 Simba Place Brentwood, CA 94513 |
| 4 | 09/26/2006 | $672,000 | Provident Savings Bank FSB | 288 Pebble Beach Drive Brentwood, CA 94513 |
| 5 | 09/26/2006 | $168,000 | Provident Savings Bank FSB | 288 Pebble Beach Drive Brentwood, CA 94513 |
| 6 | 11/01/2006 | $1,381,200 | American Mortgage Network, Inc. (Wachovia Bank) | 3370 Ashborne Circle San Ramon, CA 94583 |

DATED: October 29, 2009

A TRUE BILL.

*/s/ Walt Baden*
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/ Stephen Corrigan*
STEPHEN CORRIGAN
Deputy Chief, Oakland Branch Office

(Approved as to form: */s/* )
AUSA Bessette

INDICTMENT